IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 4:17-CR-137 |
| | ) | |
| v. | ) | GOVERNMENT'S |
| | ) | SENTENCING |
| CASEY LEE HILDEBRAND, | ) | MEMORANDUM |
| | ) | |
| Defendant. | ) | |

# Table of Contents

INTRODUCTION ................................................................................................ 1

GUIDELINES CALCULATIONS ...................................................................... 2

THE § 3553(a) FACTORS SUPPORT A SENTENCE OF 235 MONTHS' .................. 2

CONCLUSION..................................................................................................... 4

## INTRODUCTION

Defendant was charged in an Indictment with possession with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) (Count 1), and being an unlawful drug user in possession of firearms, in violation of Title 18, United States Code, Section 922(g)(3) (Count 2). On September 27, 2017, Defendant pled guilty to Count 1 of the Indictment; Count 2 will be dismissed at the time of sentencing. Neither party has any objections to the presentence investigation report (PSR) that impact that advisory guidelines range. As such, the only issue to be resolved is the ultimate sentence.

1

# GUIDELINES CALCULATION

The PSR correctly calculates the advisory guidelines range in this case as follows:

| | |
|---|---|
| Base offense level | 36 |
| Firearm (§2D1.1(b)(1)) | +2 |
| Acceptance | -3 |
| Total offense level | 35 |
| | |
| Criminal History | IV |
| | |
| Guidelines range: | 235 to 293 months' |

# THE § 3553(a) FACTORS SUPPORT A SENTENCE OF 235 MONTHS'

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1. the nature and circumstances of the offense and history and characteristics of the defendant;
2. the need for the sentence imposed –
   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   B. to afford adequate deterrence to criminal conduct;
   C. to protect the public from further crimes of the defendant; and
   D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the guideline sentencing range;
5. any pertinent policy statement;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a). For the reasons that follow, the § 3553(a) factors support a sentence of 235 months' imprisonment.

Defendant possessed a substantial quantity of pure methamphetamine – over four pounds – in his storage unit. Although the PSR includes little information about Defendant's distribution activity, this quantity of methamphetamine is indicative of a very significant drug trafficker. Defendant's conduct is aggravated by its duration; he admitted to having distributed methamphetamine for over a year. PSR ¶ 15. Defendant also possessed four firearms in the storage unit where he stored his methamphetamine, further increasing the danger of this particular offense and the danger Defendant poses to the public.

Also of concern to the government is the length and nature of Defendant's criminal history. Defendant has prior convictions for domestic assault in 2000 and 2010, the latter of which involved a physical assault (punch) on his then-girlfriend. The government also takes very seriously Defendant's multiple convictions for operating while intoxicated, an offense that poses a significant danger to the public, especially in repeat offenders.

In recommending a sentence at the bottom of the advisory guidelines range, the government takes into account Defendant's clear and ongoing substance abuse issues. Defendant's criminal history is consistent with someone who has struggled for a long period of time with addiction, and the government acknowledges the extent to which Defendant's conduct may have been addiction-driven. However, given the scope of Defendant's involvement and the quantity of methamphetamine he was receiving and distributing, the government also believes Defendant's conduct far exceeds addiction-driven behavior.

## CONCLUSION

For these reasons, the Court should impose a sentence of 235 months' imprisonment.

Respectfully Submitted,

Marc Krickbaum
United States Attorney

By: */s/ Mikaela J. Shotwell*
Mikaela J. Shotwell
Assistant United States Attorney
United States Courthouse Annex
110 East Court Avenue, Suite 286
Des Moines, Iowa 50309-2053
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: mikaela.shotwell@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2018, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record and the United States Probation Officer by:

\_\_\_\_ U.S. Mail   \_\_\_\_ Fax   \_\_\_\_ Hand Delivery

\_X\_ ECF/Electronic filing   \_\_ Other means (email)

UNITED STATES ATTORNEY

By:   */s/ Mikaela J. Shotwell*